STATE of Minnesota, Appellant,

v.

Donnie LeRoy MYERS, Respondent.

No. 48609.

Supreme Court of Minnesota.

Dec. 15, 1978.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., John H. Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Richard F. Blahnik, Asst. City Atty., Winona, for appellant.

C. Paul Jones, Public Defender, Gregory A. Gaut, Asst. Public Defender, Minneapolis, for respondent.

PER CURIAM.

This is an appeal by the state pursuant to Minn.St. 590.06 from an order of the Winona County District Court granting defendant's petition for postconviction relief from a conviction for driving while under the influence of alcohol, § 169.121, subd. 1(a). The state's main contention is that the issue upon which relief was granted was already litigated on direct appeal and that therefore defendant-petitioner is barred from raising the issue in a postconviction proceeding. We agree, and reverse the order of the district court granting postconviction relief.

Defendant was found guilty by a county court jury of the charge of driving under the influence, and also of a charge of driving with blood alcohol content of .10 percent or more, § 169.121, subd. 1(d). Defendant directly appealed this conviction to the district court raising three issues, including whether the trial court had erred in overruling defendant's foundational objection to the testimony of a chemist that analysis of a urine sample provided by defendant after he was arrested showed he had .42 percent alcohol in his urine and that this converted to .28 percent alcohol in the blood.

A three-judge panel of the district court agreed with defendant that the trial court had erred in admitting the urine-test evidence without more foundation but, while reversing the conviction of driving with blood alcohol content of .10 percent or more, the court affirmed the conviction of driving while under the influence because it did not believe the evidence in question had tainted the verdict.

Defendant petitioned this court for leave to appeal. In his petition defendant argued that the district court erred in holding that the erroneous admission of the evidence had not had a prejudicial impact in persuading the jury to convict defendant of driving while under the influence. We denied the petition for leave to appeal.

A short time thereafter defendant filed his petition in the district court raising the exact same issue that he raised in petitioning this court for leave to appeal. This petition was heard before a judge who had not been a member of the three-judge panel which considered the issue on direct appeal. As we indicated, the court granted relief, and we reverse this order.

█ The key case to see is *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976). In that case we held that a convicted defendant is entitled to at least one state correction process, either by direct appeal or postconviction proceeding, to review a claimed violation of the United States or Minnesota Constitution or state law. However, we made it clear that a defendant is not entitled to review of the same issue both on direct appeal and in a postconviction proceeding. Specifically, the rule is that if a defendant takes a direct appeal he may not thereafter raise in a postconviction proceeding any matter which he raised on direct appeal or which he knew at that time but did not raise, but he may raise in the postconviction proceeding matters not previously raised in a direct appeal.

█ In the instant case defendant claims that the issue of prejudice was created by the district court's opinion and that he never really had an opportunity to argue this issue to the three-judge panel. There is no merit to this contention. For one thing, anytime an appellant in a criminal case claims that evidence was erroneously admitted—as defendant did in his direct appeal to district court—he is implicitly arguing also that the admission of the evidence prejudiced his case; otherwise, there would be no point in raising the issue. Secondly, defendant in his brief filed in district court on direct appeal specifically argued that the trial court not only erred in admitting the evidence but that the evidence played a significant role in the trial and affected the jury's determination of both charges.

Further, there is no merit to defendant's contention that the district court really did not decide the issue of prejudice on direct appeal. The opinion of the three-judge panel specifically stated the conclusion that the erroneous admission of the evidence did not taint the conviction for driving while under the influence. This clearly shows

that the court addressed the issue of prejudice.

In summary, because the issue was raised and decided on direct appeal, we conclude that under the *Knaffla* rule it is improper for defendant to raise the issue again in a postconviction proceeding.

Reversed.