**STATE of Minnesota, Respondent,**

v.

**Raymond A. CASE, Appellant.**

No. 81–106.

Supreme Court of Minnesota.

Nov. 20, 1981.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Mark Rubin, Asst. County Atty., Duluth, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of two counts of assault in the second degree, Minn.Stat. § 609.222 (1980), for assaulting his wife and a 16-year-old babysitter with a dangerous weapon. He was sentenced by the trial court, which stated its intent to impose the presumptive sentence provided by the Sentencing Guidelines, to consecutive prison terms of 30 and 21 months. Defendant, who appeals from judgment of conviction, contends that his conviction should be reversed outright because the evidence of his guilt was legally insufficient. Alternatively, he seeks a reduction of sentence, claiming that the trial court in fact departed from the presumptive sentence but did not intend to do so. We affirm.

■ Viewing the evidence, as we must, in the light most favorable to the state, *State v. Ellingson*, 283 Minn. 208, 167 N.W.2d 55 (1969), we find it to be sufficient. Defendant's wife and the 16-year-old babysitter both testified that defendant displayed a knife and threatened to harm them with it, and defendant's wife also testified that defendant threatened her with a gun. Both the wife and the babysitter also testified that defendant's conduct caused them to fear for their safety though both were allowed to escape and neither was injured. The only real issue for the jury was whether the evidence of defendant's intoxication was such that it should conclude that defendant did not have the requisite intent to cause fear. *See* Minn.St. § 609.075 (1980). We hold that the jury was justified in concluding that defendant had the requisite intent. *State v. Olson*, 298 Minn. 551, 214 N.W.2d 777 (1974); *State v. Bonga*, 278 Minn. 181, 153 N.W.2d 127 (1967).

■ 2. Defendant's other contention is that, while consecutive sentencing was proper, the sentences should have been for 18 months each, not 30 and 21. This contention is based on II.E. of the Sentencing Guidelines which provides that "When an offender has been convicted of an offense with a mandatory minimum sentence of one year and one day, the presumptive duration of the prison sentence should be 18 months or the duration of prison sentence provided in the appropriate cell of the Sentencing Guidelines Grid, whichever is longer." Defendant argues that since the appropriate cell on the grid for one with his criminal history score (two) who commits a severity level VI offense is above and to the left of the dispositional line, the duration in the cell is not the duration of a prison sentence.

That this contention is erroneous is made clear by III.A.1. of the Sentencing Guidelines, which states in relevant part:

When the appropriate cell of the Sentencing Guidelines Grid provides a stayed sentence, and when the judge chooses to grant that stay by means of a stay of execution, the *duration of prison sentence* shown in the appropriate cell is pronounced, but its execution is stayed. When the judge chooses to grant the stay by means of a stay of imposition, the *duration of the prison sentence* in the appropriate cell is not pronounced and the imposition of the sentence is stayed. The judge would then establish conditions which are deemed appropriate for the stayed sentence, including establishing a length of probation, *which may exceed the duration of the presumptive prison sentence.* (Emphasis added.)

Concluding, as did defense counsel at the time of sentencing, that the sentence imposed was the presumptive sentence, we affirm the sentence though it seems a harsh result under the facts and circumstances of this case.

Affirmed.