**Raymond CASE, Jr., Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C3–83–1139.**

Court of Appeals of Minnesota.

March 7, 1984.

C. Paul Jones, State Public Defender, Ronald E. Hunter, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John E. DeSanto, County Atty., Duluth, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER, and LANSING, JJ., with oral argument waived.

### OPINION

PARKER, Judge.

Defendant appeals from a denial of his petition for postconviction relief. We affirm.

The facts of this case are stated in *State v. Case,* 312 N.W.2d 246 (Minn.1981), the opinion disposing of defendant's direct appeal. On September 24, 1980, defendant was found guilty by a jury on two counts of assault in the second degree. On November 5, 1980, defendant was sentenced to consecutive terms of 30 months on Count I and 21 months on Count II.

Defendant, represented by a State public defender, appealed his two assault convictions and sentence to the Supreme Court. The only issues raised on direct appeal were (1) whether the evidence was suffi-

cient to support a conviction; and (2) whether the trial court followed the guidelines in sentencing.

On November 21, 1981, the Supreme Court affirmed the defendant's convictions, ruling that the evidence supported the convictions and affirming the sentence imposed. On April 4, 1983, defendant filed a pro se petition for postconviction relief. A State public defender was appointed for appellant and a hearing was held on June 27, 1983. On July 21, 1983, the postconviction court denied the requested relief.

## ISSUE

Following a direct appeal, may a defendant raise issues previously raised, or known but not raised, in a subsequent postconviction proceeding?

## ANALYSIS

 A convicted defendant is entitled to at least one right of review, either by direct appeal or postconviction proceeding, to consider a claimed violation of the United. States or Minnesota Constitution or state law. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). However, a defendant is not entitled to a review of the same issue both on direct appeal and in a postconviction proceeding. Specifically, the Minnesota Supreme Court has held

> that if a defendant takes a direct appeal he may not thereafter raise in a postconviction proceeding any matter which he raised on direct appeal *or which he knew at that time but did not raise*, but he may raise in the postconviction proceeding matters not previously raised in a direct appeal.

*State v. Myers*, 273 N.W.2d 656, 657 (Minn. 1978) (emphasis added).

■ In defendant's petition for postconviction relief, he claimed that:

(1) he was denied effective representation of counsel;

(2) he was denied his right to a speedy trial;

(3) he was illegally arrested and the knife he was carrying was illegally seized;

(4) he was subjected to excessive bail;

(5) he was denied access to the courts;

(6) the trial court erroneously admitted hearsay evidence of the gun allegedly used during the offenses;

(7) the trial court improperly instructed the jury regarding the defense of intoxication;

(8) he was improperly convicted of and sentenced for two crimes stemming from a single behavioral incident; and

(9) the court improperly imposed consecutive sentences.

Defendant has requested the vacation and setting aside of his convictions or a new trial or modification of his sentences to concurrent terms.

We hold that the above matters were known at the time of, or raised in, the direct appeal and defendant was not entitled to raise them in a petition for postconviction relief.

While some of defendant's contentions might have required discussion had they been raised in the original appeal, they do not possess such merit as to require discussion in derogation of the foregoing rule.

We affirm.