**Raymond CASE, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C3–83–1139.**

Supreme Court of Minnesota.

March 22, 1985.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Alan Mitchell, St. Louis Co. Atty., Duluth, for respondent.

SCOTT, Justice.

This is an appeal by Raymond Case from a decision of the court of appeals affirming the postconviction court's denial of postconviction relief. Petitioner was convicted after a jury trial in St. Louis County District Court of two counts of assault in the second degree violating Minn.Stat. § 609.222 (1980). He was represented by a court-appointed attorney. The petitioner was sentenced to consecutive prison terms of 30 months for Count I and 21 months for Count II. The appointed state public defender directly appealed to this court, arguing insufficiency of evidence and inappropriateness of the length of petitioner's sentence. This court affirmed. *See State v. Case*, 312 N.W.2d 246 (Minn.1981).

Petitioner filed a pro se habeas corpus petition in federal court. This was dismissed on the ground that he had failed to exhaust available state court remedies. He then filed a pro se postconviction petition in the St. Louis County District Court alleging that:

1. He was denied effective representation of counsel;

2. He was denied his right to a speedy trial;

3. He was illegally arrested and the knife he was carrying was illegally seized;

4. He was subjected to excessive bail;

5. He was denied access to the courts;

6. The trial court erroneously admitted hearsay evidence of the gun allegedly used during the offenses;

7. The trial court erroneously instructed the jury regarding the defense of intoxication;

8. He was improperly convicted of and sentenced for two crimes stemming from a single behavioral incident; and

9. The court improperly imposed consecutive sentences.

The state public defender was again appointed to represent the petitioner. A postconviction hearing was held at which the appellant was present and testified regarding his claims. The postconviction court issued an order with detailed findings of fact and conclusions of law, denying postconviction relief. The postconviction court addressed each issue on its merits and incorporated a memorandum outlining the court's reasoning and analysis of the applicable law. Petitioner appealed to the court of appeals pursuant to Minn.Stat. § 590.06 (1982) from the order denying postconviction relief. The court of appeals denied the appeal on procedural grounds, holding that the petitioner had no right to present his claims for postconviction relief because they were "known at the time of" or raised in appellant's direct appeal to this court. The court of appeals therefore did not address the trial court's findings on their merits. *See Case v. State,* 344 N.W.2d 888, 889 (Minn.App.1984). The petitioner is now on parole.

The issue raised is whether the court of appeals erroneously decided not to address the findings of the trial court on their merits in deciding that the petitioner had no right to the postconviction relief procedure afforded under Minn.Stat. § 590.06 because the proffered grounds for such relief were known at the time of the direct appeal.

We held in *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976), that a convicted defendant is entitled to at least one appeal to review claimed violations of the federal[1] or state constitution or of state law. In *Knaffla* there had been no direct appeal and the time for such appeal had expired. We allowed postconviction relief but stated: "It must be emphasized, however, that where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Id.* at 252, 243 N.W.2d at 741. The salient feature of that case was that a convicted defendant was entitled to at least one right of review.

In this case there had been a direct appeal and all the matters alleged on postconviction relief were known at that time. The court of appeals in its decision stated:

We hold that the above matters were known at the time of, or raised in, the direct appeal and defendant was not entitled to raise them in a petition for postconviction relief.

While some of defendant's contentions might have required discussion had they been raised in the original appeal, they do not possess such merit as to require discussion in derogation of the foregoing rule.

*Case,* 344 N.W.2d at 889. The court of appeals was therefore correct in its reading and application of *Knaffla.*

Petitioner contends, however, that postconviction relief should be available so long as the petition does not constitute an abuse of process due to serial applications. He states that he raised the above issues but the public defender refused to include them

---

1. The United States Supreme Court has recently reiterated this concept in *Evitts v. Lucey,* — U.S. —, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

**800**

in the direct appeal. In *Reed v. Ross*, —— U.S. ——, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) the United States Supreme Court quoted Judge Haynsworth of the appellate court as follows:

> Appellate courts are already overburdened with meritless and frivolous cases and contentions, and an effective appellate lawyer does not dilute meritorious claims with frivolous ones. Lawyers representing appellants should be encouraged to limit their contentions on appeal at least to those which may be legitimately regarded as debatable.

*Reed*, at 2910 (*citing Ross v. Reed*, 704 F.2d 705, 708 (4th Cir.1983)). The court went on to suggest an analytical basis for allowing further relief:

> Accordingly, we hold that where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.

*Id.*

We hestitate to expand our postconviction procedure under Chapter 590 any further than we did in *Knaffla* and its progeny. We feel that *Reed* has articulated our intent very clearly, and we adhere to the limitation test as expressed in that case. Of course, in *Knaffla* we interpreted Chapter 590 to include the right to an appeal or postconviction relief not only on federal constitutional issues as in *Reed*, but also on state constitutional issues, alleged violations under laws of the United States or the State of Minnesota, or claimed evidentiary insufficiency. We therefore necessarily expand the *Reed* test to include all claimed error, and not just that of constitutional deficiency, in its application to our state procedure. To accomplish that end, we hold that only where a claim is so novel that it can be said that its legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided will postconviction relief be allowed.

 When an appellant and his counsel have divergent opinions as to what issues should be raised on appeal, his counsel has no duty to include claims which would detract from other more meritorious issues. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3312–14, 77 L.Ed.2d 987 (1983). In Minnesota the practice has developed informally whereby dissatisfied appellants are advised by counsel to state what their contentions are, and those contentions are then included in a supplemental brief. This would have been the better practice in this case. After a complete review of the record, however, including the trial court's decision that each of the issues raised by the appellant is meritless, with which we agree, we affirm the court of appeals.

Affirmed.

WAHL, Justice (concurring specially).

We acknowledged and enforced in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737, (1976), the rule embodied in Minn.Stat. ch. 590 (1984) and *Case v. Nebraska*, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), that a convicted defendant is entitled to at least one right of review by an appellate or post-conviction court where, "[u]pon a showing of either constitutional error or error in the admissibility or sufficiency of evidence so prejudicial as to require reversal, affirmative relief must be available." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. In *Knaffla*, we overruled our decision in *Tyson v. State*, 298 Minn. 559, 214 N.W.2d 461 (1974), to the extent that it required courts not to consider issues raised in post conviction proceedings unless a direct appeal had been taken. We did not, however, overrule our adoption in *Tyson* of the rule proposed in A.B.A. Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (Approved Draft, 1968) § 6.1:

> (a) Unless otherwise required in the interest of justice, any grounds for post conviction relief set forth in section 2.1 which have been fully and finally litigated in the proceedings leading to the judgment of conviction should not be re-litigated in post-conviction proceedings.

\* \* \* \* \* \*

(c) Where an applicant raises in a post-conviction proceeding a factual or legal contention which he knew of and which he *deliberately and inexcusably*

(i) failed to raise the proceeding leading to judgment of conviction, or

(ii) having raised the contention in the trial court, failed to pursue the matter on appeal,

a court should deny relief on the ground of an abuse of process.

*See Tyson,* 214 N.W.2d at 462, n. 1 (emphasis added). It is true that we said, in dicta, in *Knaffla,* 243 N.W.2d at 741, and again, in dicta, in *State v. Myers,* 273 N.W.2d 656 (Minn.1978) that when a defendant has taken a direct appeal, "he may not thereafter raise in a post-conviction proceeding any matter which he raised on direct appeal, or *which he knew at that time but did not raise. Id.* at 657 (emphasis added). We must still determine, however, when, as here, a defendant does raise an issue not raised on direct appeal, whether he "deliberately and inexcusably" failed to raise that issue on appeal. It is not a question of whether we should extend *Knaffla,* it is a question of whether we should afford the broad relief intended by the legislature when it enacted chapter 590—a remedy wherein the state courts could rule on fundamental issues which had not been tried before those issues reached the federal courts on habeas corpus.

In *Knaffla,* there had been no direct appeal. In *Myers,* the issue raised in the post-conviction proceeding had been raised and decided on direct appeal. In the matter before us now, for the first time, we have a situation where certain issues were, presumably, deliberately not raised on direct appeal because appellate counsel, heeding the words of Chief Justice Burger in *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), sifted through the potential issues and raised only those which, in the judgment of a professional, were meritorious. But, as to petitioner Case, who wanted to raise every issue on direct appeal, was his failure to raise those issues discarded by appellate counsel inexcusable, as required by our rule? If he was denied the opportunity to raise those issues, either in counsel's brief or in a supplementary pro se brief, his failure to raise those issues was excusable and the unraised issues were properly raised when the federal court sent him back to exhaust state remedies in a post-conviction proceeding. Furthermore, failure to consider the issues raised in such a case on the merits impinges on the right of a criminal defendant to proceed pro se or pro se with some help from counsel. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), *State v. Olsen,* 258 N.W.2d 898 (Minn.1977). We are not dealing with an abuse of process. The parties properly tried the issues; the trial court properly analyzed and decided those issues, denying relief; and we have properly affirmed the decision of the trial court on the merits. We should overrule the technical basis for affirmance applied in this case by the Court of Appeals. If we do not, future federal habeas courts will be ruling on issues which our state courts should have ruled on but have not.

YETKA, Justice (concurring specially).

I join in the special concurrence of Justice WAHL.

COYNE, Justice (concurring specially).

I join in the special concurrence of Justice WAHL.