**Anthony Elmer DENT,**
**Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C9–88–2301.**

Supreme Court of Minnesota.

June 9, 1989.

Anthony Elmer Dent, pro se.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Michael Richardson, Asst. Hennepin County Atty., Minneapolis, for respondent.

## OPINION

KELLEY, Justice.

On January 30, 1980, appellant Anthony Elmer Dent was convicted of the first-degree murder of Ramon Sanchez and was sentenced by a Hennepin County district judge to life imprisonment. His conviction was affirmed by this court *State v. Dent*, 308 N.W.2d 487 (Minn.1981). Two subsequent petitions by him seeking federal habeas corpus relief were dismissed by the federal court for failure to exhaust state remedies. Thereafter, he commenced the instant proceeding seeking postconviction relief under Minn.Stat. §§ 590.01–.06 (1988). The Hennepin County District Court dismissed his petition. This appeal follows that dismissal. We affirm.

A primary issue in his direct appeal from his conviction related to the sufficiency of the evidence to establish guilt of the crime of first-degree premeditated murder. We held that contention to be without merit. *Dent*, 308 N.W.2d at 489. Additionally, in that appeal appellant challenged a number of trial court rulings relating to the admissibility of certain evidence and the adequacy of trial court jury instructions. We generally rejected appellant's challenges to the trial court evidentiary rulings, but we did conclude that the trial court erred in the admission of a photograph of appellant taken from "police files." This error, however, was deemed to be harmless because the prosecutor's elicitation of this fact had been clearly unintentional and the evidence against appellant was "overwhelming" that appellant had, indeed, killed Sanchez and that the killing was of the "premeditated, deliberate cold blooded kind." *Id.* at 490. We observed that appellant's trial counsel had failed to object to alleged erroneous evidentiary rulings or otherwise raise these issues in the trial court. By his failure to do so, appellant waived the right to appeal any alleged error with respect to these claims of trial court error. Nonetheless, notwithstanding the waiver, we did examine the entire trial court record but found no prejudicial error. *Id.*[1]

In the present petition seeking postconviction relief, appellant raises 13 issues which, he contends, entitle him to a new trial. Eleven of appellant's claims center on alleged errors, omissions or misconduct attributable to his trial counsel, the prosecutor, or the trial court during the course of his trial. Additionally, he asserts ineffective trial counsel deprived him of rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. In his remaining claim he argues he was deprived of effective appellate counsel because, on appeal, that coun-

---

**1.** The rulings that appellant assigned as error on his direct appeal related to the admission of a color photograph of the victim taken at the morgue, the failure of the trial judge to instruct the jury by enumerating factors bearing on evaluation of eyewitness identification testimony, and the judge's failure to define "flight" or to qualify the instruction by explaining that flight following a crime may be motivated by factors consistent with innocence as well as guilt. (Following Sanchez's death, appellant had "fled" to St. Louis where he was later arrested and charged with this homicide.) *Dent*, 308 N.W.2d at 490.

sel failed to raise the issue of ineffectiveness of appellant's trial counsel.

In dismissing appellant's postconviction relief petition, the district court ruled that all of the issues raised by the appellant in the petition, with the exception of allegations of prosecutorial misconduct and ineffective assistance of trial and appellate counsel, were decided in the direct appeal and would not be reconsidered. The postconviction trial judge likewise ruled that claims of alleged prosecutorial misconduct and ineffective trial counsel were known at the time of the direct appeal but, since they were then not raised, they too, were dismissed. Finally, the trial court dismissed appellant's claim alleging ineffective appellate counsel because the appellant had failed to demonstrate that the legal assistance furnished to him on direct appeal fell below an objective standard of reasonable representation.

■ In his appeal from those rulings, appellant claims the issues raised in this post conviction proceeding are new, because he is now asserting those challenged acts or failures to act by the prosecutor, his own trial counsel and the trial judge violated his constitutional rights—a claim he contends he had not asserted in the direct appeal.

■ Appellant portrays himself as the victim of a "vicious cycle" because he is unable to pursue federal habeas corpus relief without first exhausting his state remedies, but is unable to have his current claims considered at the state level because they are barred by state decisional law. His self-portrayal is faulty because he misapprehends the scope of the federal exhaustion of remedies requirement. That doctrine merely means that a habeas corpus petitioner seeking relief in a federal court must first have attempted to have the issues he seeks to raise in the federal proceeding litigated in the state court. It does not mean, as appellant apparently assumes, that state law cannot establish standards relating to what its courts will consider on a petition for post conviction relief.

This court has determined that "where direct appeal has once been taken, all mat-ters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). *See State v. Myers*, 273 N.W.2d 656 (Minn.1978); *Case v. State*, 364 N.W.2d 797 (Minn.1985). In the present proceeding all the issues raised by appellant, except his claim of ineffective appellate counsel, relate to the trial proceedings and were known at the time of appellant's direct appeal. Those issues were decided or were known but not raised at that time. Therefore, the trial court below, consistent with that standard, correctly declined to reconsider those claims.

■ Additionally, however, appellant asserts that the failure of his appellate counsel at the time of his direct appeal to raise his presently asserted constitutional issues and his claim of ineffective trial counsel violated his fundamental rights. The rule in federal courts is that failure to raise a constitutional claim on direct appeal will not give rise to a later claim for postconviction relief unless the constitutional claim at the time of the direct appeal did not have a reasonable basis in existing law. *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). In *Reed*, after the defendant's conviction and direct appeal therefrom, certain federal cases were decided which supported the defendant's claim of deprivation of constitutional rights. The Supreme Court of the United States limited the defendant's claims relative to deprivation of constitutional rights to those raised by the subsequently decided cases but excluded the remainder of defendant's other constitutional challenges. It did so to discourage attorneys from including "any and all remotely plausible constitutional claims that could, some day, gain recognition." *Id.* at 16, 104 S.Ct. at 2910. This court has adhered to that limitation test. *Case*, 364 N.W.2d at 800. In this postconviction proceeding, appellant has failed to raise any claims of deprivation of constitutional rights which were not available to him at the time of his direct appeal.

■ Appellant claims since his present claims of denial of constitutional rights were generally recognized by the law at the time of his direct appeal, the failure of his appellate counsel to then raise the constitutional issues on direct appeal deprived him of his constitutional right to effective assistance of counsel. We disagree. Counsel appealing a criminal conviction has no duty to raise all possible issues. As we have previously stated: "When an appellant and his counsel have divergent opinions as to what issues should be raised on appeal, his counsel has no duty to include claims which would detract from other more meritorious issues." *Id.* at 800. *See also Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The standard we employ in reviewing an assertion of ineffective counsel is whether the representation and the assistance were reasonable in the light of all the circumstances. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Appellant has failed to point out to us any matter to support his claim that his appellate counsel's representation at the time of his direct appeal was unreasonable, nor are we able to so conclude from our examination of the files and records.

Accordingly, we affirm the trial court's order denying appellant's petition for post-conviction relief.