**James Willis BLACK, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C1–96–1799.

Supreme Court of Minnesota.

March 13, 1997.

James Willis Black, Stillwater, appellant pro se.

Hubert H. Humphrey III, Minnesota Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Donna Wolfson, Asst. County Atty., Minneapolis, for respondent.

## OPINION

GARDEBRING, Justice.

This is an appeal from the denial of a petition for postconviction relief. Petitioner James Willis Black was convicted of three counts of first-degree murder in June 1978 in the burning deaths of his girlfriend and her two young children. Black appealed his conviction, which was affirmed. *State v. Black,* 291 N.W.2d 208 (Minn.1980). He then petitioned for habeas corpus relief in the federal courts, a claim that was reviewed on the merits and denied. *Black v. Woods,* 651 F.2d 528 (8th Cir.1981). Now, 18 years after his initial conviction, Black has filed a petition for postconviction relief, alleging ineffective assistance of both trial and appellate counsel and prosecutorial misconduct. The trial court denied Black's petition on the grounds that all the issues raised were known or should have been known at the time of his direct appeal and that his claims of ineffective assistance of appellate counsel were without merit. We affirm the denial on the grounds that Black delayed too long in seeking postconviction relief and that his substantive claims are without merit.

The facts of this case are set forth in Black's direct appeal. Black was convicted in the burning deaths of Lueberta Davis and

her two young children in their Minneapolis duplex. Black was in the Hennepin County jail on robbery charges at the time of the murder; his accomplices, Jean Link and Dale Olson, were convicted of three counts of first-degree murder for going to the Davis home, tying up the victims, pouring gasoline on them and then igniting them. The state's case depended upon proof of the conspiracy among the three defendants to plan and commit the crimes. Evidence at Black's trial included testimony regarding several conversations Black had with other inmates about his desire to kill Davis; testimony about his attempts to recruit another inmate to do the job for him; testimony of a clergyman, Rev. Jim Roberts, about calls he made to Link on behalf of Black; testimony of Link, which was corroborated by testimony of her friends, Ron and Jackie Johnson; and statements by Black to another inmate that he did not believe he could be convicted of anything relating to the fire because he was in jail when it happened.

In his petition for postconviction relief, Black raises three substantive claims: (1) that he was denied his right to a fair trial because the prosecutor committed misconduct by introducing "manufactured" testimony of Roberts and "false" testimony of Ron Johnson; (2) that he was denied effective assistance of trial counsel because his attorney failed to object to the testimony of Roberts and Johnson; and (3) that he was denied effective assistance of appellate counsel because his appellate counsel failed to raise the objections to Roberts' and Johnson's testimony on appeal.

■ The scope of review of a postconviction proceeding is limited to determining whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion. *Hodgson v. State,* 540 N.W.2d 515, 517

(Minn.1995) (citing *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn.1992)).

■ Black waited 18 years after his conviction to file this petition, without explanation or excuse. "[D]elay in seeking relief is a relevant consideration in determining whether that relief should be granted." *Fox v. State,* 474 N.W.2d 821, 826 (Minn.1991). The length of delay warranting dismissal on this basis alone has not been absolutely established, but we have dismissed a petition based on a 16–year delay. *See Jones v. State,* 288 Minn. 527, 529, 179 N.W.2d 315, 317 (1970); *see also Gaulke v. State,* 296 Minn. 487, 487, 206 N.W.2d 652, 652 (1973) (dismissing after 25–year delay). An exception to this rule is if the petitioner never received a review of his case by an appellate court. *Rairdon v. State,* 557 N.W.2d 318, 322 (Minn.1996). This exception does not apply here, however, because Black's conviction has been reviewed by this court and by the federal courts. We therefore conclude that Black's 18–year delay in seeking postconviction review is a sufficient basis for affirming the trial court.

■ However, we note that other grounds sufficient for denial of the petition exist as well. Once a direct appeal has been taken, any matter raised and any claim known but not raised, will not be considered upon a subsequent petition for postconviction relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Two of Black's three claims in this petition fall within the *Knaffla* rule. His prosecutorial misconduct claim is based on the prosecutor's introduction of Roberts' and Johnson's testimony. Black clearly knew or should have known of this claim at the time of his direct appeal. He is therefore precluded from raising it here. As for Black's ineffective assistance of trial counsel claim, such postconviction claims are also generally precluded if known at the time of direct appeal.[1] *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990); *Dent v. State,*

---

1. An exception exists, however, when the claim is such that the reviewing court needs additional facts to explain the attorney's decisions. In such cases, we have said that consideration of a claim of ineffective assistance would be appropriate in a petition for postconviction relief. *See State v. Cermak,* 350 N.W.2d 328, 332 n. 5 (Minn.1984);

*State v. Zernechel,* 304 N.W.2d 365, 367 (Minn. 1981). The best procedure in such a case is to raise the ineffective assistance of counsel claim in a petition for postconviction relief *before* appeal. *Roby v. State,* 531 N.W.2d 482, 484 n. 1 (Minn.1995). Here, there is no need for additional facts to explain the attorney's decisions.

441 N.W.2d 497, 499 (Minn.1989). Black did, in fact, know of this claim at the time of his direct appeal; in his brief, Black admits that he discussed concerns about his trial counsel's performance with his appellate counsel at the time of the direct appeal. Moreover, Black's claim of ineffective assistance is really a recasting of an evidentiary objection, which he knew about at the time of his direct appeal. We will not allow Black to avoid the *Knaffla* limitation simply by restating an evidentiary issue in terms of ineffective assistance of trial counsel. This claim will therefore not be considered by this court.

■ Black's ineffective assistance of appellate counsel claim is not one that he could have known about at the time of his direct appeal. Nevertheless, this claim is wholly without merit and was properly dismissed: it is based on the same evidentiary objection as the above two claims. Specifically, Black asserts that his appellate counsel was ineffective because he refused to raise the objections to Roberts' and Johnson's testimony on appeal. "When an appellant and his counsel have divergent opinions as to what issues should be raised on appeal, his counsel has no duty to include claims which would detract from other more meritorious issues." *Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985). Instead, the better practice is for the defendant to submit a supplemental pro se brief. *Id.*

■ On this point, Black argues that he was deprived of the ability to submit a supplemental brief because he was not given a copy of his trial transcript. At the time of Black's appeal, it was the policy of the public defender's office to not release trial transcripts to defendants. *See State v. Seifert*, 423 N.W.2d 368, 369 (Minn.1988). In 1988, this court held that defendants who elect to proceed pro se must be given copies of their trial transcripts to assist them in their preparations. *Id.* at 371. Effective January 1, 1990, the Rules of Criminal Procedure were amended to allow *all* defendants temporary access to trial transcripts.[2] Minn.R.Crim. P. 28.02, subd. 5 (17–19); Promulgation of Amendments to The Rules of Criminal Procedure, No. C1–84–2137 (Minn. Dec. 13, 1989). However, this change in the Rules of Criminal Procedure was not based on any constitutional requirement and was intended to apply prospectively only. Therefore, Black's inability to review his transcript is not a basis for postconviction relief.

In sum, we affirm the denial of Black's petition for postconviction relief on the basis of his 18–year delay in bringing the petition. Further, even if the petition were more timely, Black's prosecutorial misconduct and ineffective assistance of trial counsel claims were waived because they were both known at the time of his direct appeal, and his ineffective assistance of appellate counsel claim was properly dismissed because it was without any merit.

Affirmed.

---

**2.** Black waited an additional six years after this rule gave him access to his trial transcripts to file his petition for postconviction relief.