Michael Allen GIBSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C8–97–692.

Court of Appeals of Minnesota.

Sept. 30, 1997.

Review Denied Oct. 31, 1997.

Michael Allen Gibson, Stillwater, pro se.

Hubert H. Humphrey III, State Attorney General, Thomas R. Ragatz, Assistant State Attorney General, St. Paul, Donald F. Ryan, Crow Wing County Attorney, John J. Sausen, Assistant County Attorney, Brainerd, for respondent.

Considered and decided by LANSING, P.J., and RANDALL and HARTEN, JJ.

## OPINION

RANDALL, Judge.

Michael Allen Gibson challenges the postconviction court's denial of his request for state public defender representation in his hearing for postconviction relief, and argues that the postconviction court erred in denying his claim that he received ineffective assistance of counsel on direct appeal. We affirm.

## FACTS

In February 1994, appellant Gibson was convicted of two counts of first-degree assault and one count of burglary stemming from the shooting of Gibson's former lover and her mother. Gibson was sentenced to concurrent terms of 245 months for the assault convictions and to 58 months for the burglary conviction. In his direct appeal, Gibson argued that the evidence was insufficient to support the verdict; that the postconviction court committed reversible error by refusing to sequester witnesses and by allowing the chief of police to sit in uniform next to the victims in the courtroom; and that the 245–month sentence unfairly exaggerates the degree of his criminality. This court upheld Gibson's conviction and sentence. *See State v. Gibson,* No. C5–94–1073, 1994 WL 714305 (Minn.App. Dec. 27, 1994), *review denied* (Minn. Feb. 14, 1995).

Gibson then filed a petition for postconviction relief and a motion for appointment of counsel. In his petition for postconviction relief, Gibson argued that his Fifth, Sixth, and Fourteenth Amendment rights were violated; that he was denied a fair trial before an unbiased judge and fact-finder; that the prosecutor committed misconduct; that ex parte communications prevented him from receiving a fair trial; that the jury instructions were altered; that the Minnesota Constitution conflicts with the United States Constitution; and that he received ineffective assistance of appellate counsel. The postconviction court denied Gibson's request for counsel and denied all his claims for postconviction relief, except for the claim of ineffective assistance of appellate counsel. Following a hearing on the issue, the postconviction court also denied appellant's claim of ineffective assistance of appellate counsel. Gibson appealed the postconviction court's ruling, but did not do so until the 60–day time limit had expired. This court dismissed the appeal as untimely, but granted Gibson a chance to refile, noting that the delay in filing was caused by circumstances beyond Gibson's control. *See Gibson v. State*, No. C3–96–2436 (Minn.App. Feb. 5, 1997) (order op.) Gibson refiled the appeal, claiming only that he was entitled to state public defender representation in his postconviction hearing and that he received ineffective assistance of appellate counsel. The postconviction court denied Gibson's request for relief.

## ISSUES

1. Was Gibson entitled to state public defender representation during his postconviction hearing?

2. Did Gibson receive ineffective appellate counsel on direct appeal?

## ANALYSIS

### I.

Gibson argues that he was improperly denied assistance of counsel in his postconviction hearing. We disagree.

Prior to 1991, Minn.Stat. § 590.05 required the state public defender to represent indigent petitioners in postconviction appeals. The statute was amended to make state public defender representation *permissive* if the petitioner received state public defender representation in an earlier direct appeal. *See* 1991 Minn. Laws ch. 345, art. 3 § 1. The statute now provides that:

> The state public defender *shall* represent [indigent petitioners] * * *, if the person has not already had a direct appeal of the conviction. The state public defender *may* represent * * * all other persons * * *, who are financially unable to obtain counsel.

Minn.Stat. § 590.05 (1996) (emphasis added).

■ The statute's language is clear. After providing representation in a direct appeal, the state public defender may, but is not required, to provide counsel to an indigent petitioner in a later postconviction proceeding. Only if petitioner did not receive state public defender representation on direct appeal is the state public defender required to provide an indigent petitioner with postconviction counsel. Since Gibson was represented in his direct appeal by the state public defender, the state public defender was under no obligation to provide him with counsel in his later postconviction proceedings.

### II.

Gibson argues that he received ineffective assistance of appellate counsel. He first claims that his appellate counsel failed to raise issues on direct appeal that he wished to be included.

■ When reviewing a claim of ineffective assistance of counsel, the standard we employ is "whether the representation and the assistance were reasonable in the light of all the circumstances." *Dent v. State*, 441 N.W.2d 497, 500 (Minn.1989).

> When an appellant and his counsel have divergent opinions as to what issues should be raised on appeal, his counsel has no duty to include claims which would detract from other more meritorious issues.

*Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985). "Counsel appealing a criminal conviction has no duty to raise all possible issues." *Dent*, 441 N.W.2d. at 500. Here, the failure

of Gibson's appellate counsel, Steven Russett, to include all possible claims is not grounds for a reversal based on ineffective assistance of appellate counsel.

Secondly, Gibson claims that he received ineffective assistance of appellate counsel because Russett failed to investigate alleged claims of juror misconduct. This argument is without merit.

■ Attorneys and their agents are not to initiate contact with jurors regarding possible juror misconduct. *Zimmerman v. Witte Transp. Co.*, 259 N.W.2d 260, 262–63 (Minn.1977) (citing *Olberg v. Minneapolis Gas Co.*, 291 Minn. 334, 343, 191 N.W.2d 418, 424 (1971)). Here, Russett met with Gibson in April or May 1994 to discuss Gibson's direct appeal. Gibson informed Russett that he had some "concerns" about jury misconduct at his trial. These "concerns" stemmed from conversations Gibson claimed he had with a jury member in his trial. Russett informed Gibson that lawyers were not permitted to initiate contact with jurors, but that if Gibson would have the juror contact him, he would investigate. The juror did not write to Russett or the State Public Defender's office until a year and a half after the direct appeal. Russett's failure to use the juror's allegations on direct appeal was not unreasonable and did not constitute ineffective assistance of appellate counsel.

■ Gibson challenges the restraint on attorneys initiating contact with jurors as being unconstitutional. Gibson claims that this restriction violates his Sixth Amendment right to representation. Since jurors are free to contact the defendant's attorney about possible jury misconduct, there is nothing to inhibit the attorney's representation once the matter has been brought to the attorney's attention by a member of the jury. *See Zimmerman*, 259 N.W.2d at 263 (citing *Olberg*, 291 Minn. at 344, 191 N.W.2d at 425). We can find no constitutional violation.

## DECISION

Because Gibson received state public defender representation in his direct appeal, he was not entitled, as a matter of law, to state public defender representation in his post-conviction proceedings.

Appellate counsel is under no duty to raise all possible issues on appeal.

It is not ineffective assistance of appellate counsel to refuse to investigate second-hand allegations of juror misconduct when the alleged complaining juror does not initiate the contact with counsel.

**Affirmed.**