Otha Eric TOWNSEND, petitioner
Appellant,

v.

STATE of Minnesota, Respondent.

No. C7–97–1638.

Supreme Court of Minnesota.

July 30, 1998.

Otha Eric Townsend, Pro Se, Minnesota Correctional Facility, Stillwater.

Hubert H. Humphrey, Minnesota Attorney General, Sue Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, St. Paul, for Respondent.

## OPINION

GILBERT, Justice.

Otha Eric Townsend appeals from a postconviction court's denial of his petition for relief without granting an evidentiary hearing. Townsend was convicted of one count of first-degree murder in 1994. We affirmed his conviction on direct appeal in 1996. Townsend subsequently filed a petition for postconviction relief, asserting multiple claims including ineffective assistance of counsel, violation of his right to counsel, violation of his right to due process, and prosecutorial misconduct. The postconviction court denied Townsend's petition without granting a hearing on the grounds that he waived the postconviction claims when he failed to raise them in his direct appeal. Townsend appeals from the postconviction court's denial of relief. We affirm.

In September 1994, a jury found Townsend guilty of first-degree murder and he was sentenced to life imprisonment. The facts surrounding the murder are set forth in this court's opinion in *State v. Townsend,* 546 N.W.2d 292, 294–95 (Minn.1996). Three months after his conviction, the state public defender's office filed a notice of appeal on Townsend's behalf. Townsend's appointed appellate counsel wrote an appellate brief and provided him with a copy of the brief on May 16, 1995, the day after the brief was due and filed with this court.

In a letter accompanying the brief, Townsend's appellate counsel informed him that the brief had been filed and that she argued the legal issues that she believed merited the court's attention. The letter explained that if Townsend wished to raise additional issues, his supplemental brief must be at the public defender's office no later than June 5, 1995

so that the office could bind and file it by the deadline, June 14, 1995. The letter also made Townsend aware that the court would likely conclude that any issues he did not raise in the supplemental brief would be waived.

Dissatisfied with the brief written by his appointed appellate counsel, Townsend completed a waiver of appellate counsel form and the public defender's office submitted the form to this court. Since the deadline for filing his appellate brief had already passed, the public defender's office also submitted Townsend's pro se motion for an extension of time to submit his pro se brief. Townsend also sent this court a copy of the completed waiver along with a specific request that the appellate brief submitted by the public defender's office be dismissed and that he be given an extension of time for filing his own appellate brief. As part of his written waiver of his right to appellate counsel, Townsend acknowledged he understood that he would be held to the same standard of responsibility as a licensed attorney and would have to comply with (1) the limited time schedules required for appeals; (2) the legal requirements as to the substantive content of briefs; and (3) the size and multiple copy requirements. In addition, Townsend certified that he understood that all existing legal issues regarding his present conviction must be raised in his direct appeal or they would be waived.

On May 31, 1995, this court granted Townsend's motion for an extension to file his appellate brief, setting the deadline for June 15, 1995, which was a day after the original due date of his supplemental brief. Townsend, however, wanted more time to write his brief, and he requested that the court review the matter and grant a 90–day extension. We denied Townsend's request, and Townsend contacted the public defender for guidance. By letter dated June 28, 1995, Townsend's former appellate counsel suggested that if he had not already done so, he should submit his brief immediately along with a motion for acceptance of the late filing.

Townsend did not attempt to file his brief until August 7, 1995, almost 2 months after the extended deadline. He also filed a motion for in forma pauperis reproduction of his appellate brief, which this court denied. Townsend's brief was not accepted because it was late, it was bound incorrectly, there were not enough copies, and there was no accompanying affidavit of service. This court did, however, permit Townsend to file a late reply brief, which he filed on September 28, 1995.

The only issue appropriately raised in Townsend's direct appeal was whether the trial court erred in admitting certain evidence resulting in an unfair trial. *Townsend*, 546 N.W.2d at 294. On April 26, 1996, although holding that certain evidence was erroneously admitted, we affirmed Townsend's conviction, concluding that any error was harmless beyond a reasonable doubt. *Id.* at 297.

Townsend subsequently petitioned for postconviction relief claiming that (1) his right to effective assistance of trial and appellate counsel was violated; (2) his right to due process was violated when the trial court abused its discretion by allegedly failing to rule on pending motions, rushing the resolution of the case, and denying Townsend a continuance to test certain evidence; (3) his Sixth Amendment rights were violated due to prosecutorial misconduct; and (4) his right to due process was violated based on the cumulative effect of "many single substantive errors." The postconviction court denied Townsend's petition without holding an evidentiary hearing. The court determined that Townsend was aware of all of the postconviction claims, excluding the ineffective assistance of appellate counsel claim, at the time of his direct appeal and, therefore, he was barred from raising them in a postconviction proceeding. The postconviction court also summarily denied Townsend's ineffective of appellate counsel claim. Townsend appeals to this court, contending that the postconviction court erred by rejecting his petition without holding an evidentiary hearing.

In reviewing a postconviction decision, we determine only whether there is sufficient evidence to support the postconviction court's findings. *Russell v. State*, 562 N.W.2d 670, 672 (Minn.1997). The decision of a postconviction court will not be disturbed unless it abused its discretion. *Id.* Under *State v.*

*Knaffla*, once a defendant has had a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 309 Minn. 246, 252, 243 N.W.2d 737, 741 (Minn.1976). There may be an exception to the *Knaffla* rule where a claim known to the defendant at the time of a direct appeal, but not raised, is so novel that its legal basis was not reasonably available at the time of the direct appeal. *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995). Furthermore, even where the legal basis was reasonably available, "this court may allow substantive review of [a] claim in limited situations when fairness so requires and when the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." *Russell*, 562 N.W.2d at 672 (*quoting Roby*, 531 N.W.2d at 484).

The postconviction court here determined, and Townsend does not dispute, that the claims that Townsend raised in his petition, other than his claim of ineffective assistance of appellate counsel, were all known to him at the time of his direct appeal and, further, that most of the issues had been argued at trial. However, Townsend contends that his failure to raise these issues in his direct appeal was excusable because when he fired his appointed appellate attorney and requested that the brief filed by that attorney be dismissed, he did not have sufficient time to prepare his appellate brief. Therefore, Townsend asserts the *Knaffla* waiver rule does not apply to him.

For support, Townsend presents this court's decision in *Case v. State*, 364 N.W.2d 797 (Minn.1985). In *Case*, the defendant's appellate counsel had refused to raise certain issues in a direct appeal that the defendant wanted to pursue. *Id.* at 799–800. After his conviction was affirmed on direct appeal, the defendant filed a petition for postconviction relief. *Id.* at 798. The postconviction court addressed the merits of each issue and denied the defendant's petition. *Id.* at 799. The defendant appealed, and the court of appeals summarily affirmed the postconviction court without addressing the merits of the issues, because the court of appeals determined that the defendant was aware of

the issues he raised in his petition for post-conviction relief at the time of his direct appeal. *Id.* The defendant appealed from the decision of the court of appeals. *Id.*

The issue in *Case* was whether the court of appeals erred by affirming the trial court without addressing the merits. *Id.* We affirmed the decision of the court of appeals and emphasized that an appellate lawyer does not have to raise every possible issue. *Id.* at 800. *See also Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990) ("[a]ppellate counsel had no duty to raise all possible issues and thereby jeopardize more meritorious ones"). We also noted that it would have been better practice for the appellate attorney to have advised the defendant, during his direct appeal, that he could include additional issues in a supplemental brief. *Case*, 364 N.W.2d at 800.

The majority in *Case* did not specifically address the exception to the *Knaffla* rule, but Justice Wahl discussed that issue in her concurrence. *Id.* at 801 (Wahl, J., concurring). Justice Wahl disagreed with the court of appeals' technical basis for affirming the postconviction court without addressing the merits. *Id.* Justice Wahl explained, "If [the defendant] was denied the opportunity to raise those issues, either in counsel's brief or in a supplementary pro se brief, his failure to raise those issues was excusable and the unraised issues were properly raised * * * in a post-conviction proceeding." *Id.* at 801.

Unlike the defendant in *Case*, however, Townsend's appellate attorney explicitly informed him that she raised the issues that she believed merited the court's attention and that he may present additional issues in a pro se supplemental brief. Dissatisfied, Townsend waived appellate counsel, requested that the brief written by counsel be dismissed, and continued pro se. In doing so, Townsend recognized that he would be held to the same standard as a licensed attorney, including complying with strict time requirements, and that any issues not raised in his direct appeal would be deemed waived. Townsend then missed the extended filing deadline by almost 2 months. We conclude that under these circumstances, Townsend's failure to raise issues known to him at the

time of his direct appeal was inexcusable, and fairness does not require substantive review of the issues. Because the exception to the *Knaffla* rule does not apply in this case, we affirm the postconviction court's summary denial of Townsend's petition regarding the claims that were known to him at the time of his direct appeal.

In addition to the claims known to Townsend when he had his direct appeal, he also argues that he was denied his right to effective assistance of appellate counsel. The postconviction court did not address Townsend's claim of ineffective assistance of appellate counsel. We have stated that an evidentiary hearing "is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief." *Fratzke,* 450 N.W.2d at 102. Therefore, Townsend is entitled to an evidentiary hearing on his ineffective assistance of appellate counsel claim only if he alleged facts which would "affirmatively show that his attorney's representation fell below an objective standard of reasonableness, and but for the errors, the result would have been different." *Wilson v. State,* 582 N.W.2d 882 (Minn.1998). In his petition, Townsend did not allege facts necessary to show that his appellate counsel rendered ineffective assistance. He asserted merely that his "Sixth Amendment rights were violated due to the ineffectiveness of [appellate] counsel, during the process of his appeal." Townsend neither elaborated in his petition regarding his claim of ineffective assistance of appellate counsel, nor did he offer supporting affidavits or other documents. Having only a general allegation before it, the postconviction court did not err in refusing to hold an evidentiary hearing on this issue. *See Fratzke,* 450 N.W.2d at 102 ("generalized allegations of incompetence [of counsel] are not reason for an evidentiary hearing").

Moreover, in reviewing an ineffective assistance of counsel claim, this court asks whether the representation and assistance were reasonable in light of all the circumstances. *Dent v. State,* 441 N.W.2d 497, 500 (Minn.1989). Townsend's appellate counsel timely filed a brief on his behalf, which included the issues she believed had merit. At that time, she informed Townsend that he could write a pro se supplemental brief raising additional issues. Townsend had 21 days to complete the supplementary brief and send it to the public defender's office. He failed to do so. There is no indication that appellate counsel's assistance fell below an objective level of reasonableness. We affirm the postconviction court's summary denial of Townsend's petition regarding the ineffective assistance of appellate counsel claim.

Affirmed.