Kenneth E. BARNES, Appellant,

v.

UNITED STATES, Appellee.

No. 99–CF–809, 00–CO–1227.

District of Columbia Court of Appeals.

Submitted March 27, 2003.
Decided May 8, 2003.
As Amended June 5, 2003.

William E. Seals, appointed by this court, for appellant.

Michael T. Truscott, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher and Leutrell M.C. Osborne, Darryl Blane Brooks, Assistant United States Attorneys, were on the brief, for appellee.

Before STEADMAN and GLICKMAN, Associate Judges, and NEBEKER, Senior Judge.

NEBEKER, Senior Judge:

Appellant appeals his convictions of assault with a dangerous weapon,[1] carrying a pistol without a license,[2] possessing an unregistered firearm,[3] and possessing ammunition without a valid registration.[4] He argues that the trial court abused its discretion by denying his motion for a mistrial because, as he asserts, he was denied the right to a trial by a fair and impartial jury. Furthermore, he contends that the court's denial of his post-verdict motion for release of the juror list was an abuse of discretion warranting reversal. Finding appellant's arguments unpersuasive, we affirm.

I.

During deliberations, the jury sent a note signed by the foreperson to the trial court seeking additional guidance regarding availability of alternatives for lesser included offenses. While the trial judge was responding to the written question, two individual jurors, one of them the foreperson, interrupted with separate questions relating directly to subject matter at hand. The trial judge answered both questions before finishing his response to the written question. Appellant did not object to the substance of the judge's two responses, but did object to the judge responding to the two oral questions without making the jury return to the jury room and put the questions in writing.

After the jury retired, appellant moved for a mistrial, which the trial court denied, based on the grounds that the court "influenced" the jury. The trial judge responded that he hoped he had influenced the jury to decide the case on the law and the evidence. Appellant appeals arguing that the trial judge abused his discretion in denying the motion because the trial judge, by answering questions from individual jurors, invaded the province of the

1. D.C.Code § 22–504.1 (1981), now codified at D.C.Code § 22–404.01 (2001), and D.C.Code § 22–3202 (1981), now codified at D.C.Code § 22–4502 (2001).

2. D.C.Code § 22–3204(a) (1981), now codified at D.C.Code § 22–4504 (2001).

3. D.C.Code § 6–2311(a) (1981), now codified at D.C.Code § 7–2502.01 (2001).

4. D.C.Code § 6–2361(3) (1981), now codified at D.C.Code § 7–2506.01(3) (2001).

jury and deprived him of a trial by fair and impartial jurors. Specifically, appellant argues that neither juror had the opportunity to raise their question with other members of the jury before the trial court answered it, that the effect of the trial court's colloquy was to allow the jury to deliberate in the courtroom, that the questions asked were those of the two jurors and not of the jury as a whole, and that the direct discussion between the trial judge and two individual jurors may have had an impermissible influence on the remaining members of the jury.

■ ■ There being no objection to the substance of the trial judge's responses which were addressed to the jury en masse, we reject appellant's argument that the court's responses to the questions posed by two jurors in the presence of all were *ad hoc* as to only individual jurors and improperly influenced the jury.[5] *See Webb v. State*, 539 So.2d 343, 351 (Ala. Crim.App.1987) ("A judge may answer any proper question from an individual juror in open court in the presence of all parties and counsel. 'This court has opined on many occasions that the jury is entitled at all times to have access to the trial court for such additional instructions as they may require.'" (citations omitted)); *In the Matter of Estate of Depriest*, 733 S.W.2d

74, 77–78 (Tenn.Ct.App.1986) (after reading supplemental instruction in response to jury question, trial judge responded to questions posed by jurors in open court). A trial judge's response to jury questions, whether propounded by the foreperson or in this case by an individual juror, does not rise to the level of implicating the jury trial clause of the Sixth Amendment. Furthermore, in the case before us, at the end of the answers to the written and oral questions, the trial court emphasized to the jury that his responses to the questions had been addressed to the jury as a whole.[6] "[D]ecisions on reinstruction are left to the broad discretion of the trial court," *Green v. United States*, 740 A.2d 21, 31 (D.C.1999). We have also said that "[w]e will not disturb the trial court's denial of a motion for mistrial except in extreme situations threatening a miscarriage of justice." *Smith v. United States*, 665 A.2d 962, 966 (D.C.1995) (citation omitted). We, therefore, do not find that the trial court abused its discretion in denying appellant's motion for a mistrial.

## II.

Appellant's argument that he should have been allowed to identify and contact the jurors after their verdict stems from the following: during *voir dire*, Juror 55

---

5. However, trial courts should be cognizant of the potential risks presented by individual colloquy and by responding to questions other than those formally propounded in writing through the foreperson, such as the risk that permitting and responding to individual jurors could lead to the disclosure of a numerical jury division and later allegations of a coerced verdict. *See Smith v. United States*, 542 A.2d 823, 825–27 (D.C.1988); *Morton v. United States*, 415 A.2d 800, 802 (D.C.1980); *Jackson v. United States*, 368 A.2d 1140, 1142 (D.C.1977).

We note that a written question sent to the trial judge does not imply that all jurors pose that question. The question may be that of a

single juror or some jurors. In any event, a written question has the salutary effect of permitting the trial judge to confer with the parties before responding.

6. "[T]he fact that I allow any of you, any one of the 12 of you, however many of you who want to voice your question here in open court on the record, rather than having you go back in the jury room to write me another note, is simply taking advantage of an expeditious way to clarify these four questions in your note. When I answer—when I take your question and when I provide the answer, it is to the jury, not to any one individual juror. I see you as a body, the jury. I see you as 12."

 

indicated that she had been the victim of a violent crime twenty years ago. Although both parties were invited to ask Juror 55 follow-up questions, neither party moved to strike the juror for cause. Appellant also failed to use any of his peremptory strikes to remove Juror 55, who had been seated on the jury. After appellant was found guilty, a poll of the jury revealed that all of the jurors agreed on the verdict.

Appellant filed a post-verdict motion seeking leave from the trial court to interview members of the jury. The motion was based on an article in the WASHINGTON POST, written by another juror, revealing that Juror 55 mentioned her prior assault during deliberations. Appellant argued that it was necessary to contact the jurors to ascertain whether Juror 55 mentioned her past assault during deliberations where, he asserts, it would have been an extraneous influence. The trial court denied the motion from which appellant now appeals.

 Superior Court Administrative Order 95–11 [7] prohibits attorneys from using the juror list (termed the "Jury Panel Roster") to contact jurors absent a showing of good cause. This court has stated that intra-jury influence, such as Juror 55's alleged discussion during deliberations of her assault, is allowed and is not considered an extraneous influence. *Khaalis v. United States,* 408 A.2d 313, 359 (D.C. 1979) (quoting *Government of Virgin Islands v. Gereau,* 523 F.2d 140, 149–50 (3d Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1119, 47 L.Ed.2d 323 (1976)) ("evi-

dence of discussions among jurors, intimidation or harassment of one juror by another, and other intra-jury influences on the verdict is within the rule, rather than the exception, and is not competent to impeach a verdict."). Therefore, the trial court did not abuse its discretion in denying appellant's motion to release the jury list because appellant failed to show good cause.

*Affirmed.*

---

**7.** Appellant contends that the Superior Court Administrative Order No. 95–11 unconstitutionally infringes on the appellant's right to trial by a fair and impartial jury. This argument is without merit because limitations on juror contact do not violate the Sixth Amendment. *State v. Cheney,* 171 Or.App. 401, 16 P.3d 1164, 1170 (2000) (holding that motion to contact jurors after trial was properly de-

nied); *Gibson v. State,* 569 N.W.2d 421, 423 (Minn.Ct.App.1997) (rejecting Sixth Amendment challenge to limit on contact with jurors after trial). Moreover, this Order, which is similar to the District of Columbia District Court Local Rule 47.2(b), does allow contact with jurors when the movant can show good cause.