**Theodore Sherman ASHBY, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A07–2385.**

Supreme Court of Minnesota.

July 10, 2008.

Theodore Sherman Ashby, Bayport, MN, Pro Se Appellant.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Elizabeth Johnston, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

PAGE, Justice.

In May 1996, Theodore Sherman Ashby was convicted of first-degree murder in connection with the September 1995 shooting death of Leslie Wayne Bryant and is currently serving a sentence of life in prison. On direct appeal, we affirmed Ashby's conviction. *State v. Ashby,* 567 N.W.2d 21, 24 (Minn.1997).[1] In July 2007, Ashby filed a petition for postconviction relief. The postconviction court determined that Ashby's claims were procedurally barred and denied the petition without an evidentiary hearing. We affirm.

■ Ashby's petition, construed liberally as required under Minn.Stat. § 590.03 (2006), asserts that Ashby is entitled to relief because: (1) the State improperly charged him by complaint before seeking an indictment, and the grand jury proceedings were tainted when the members of the grand jury were informed of that complaint; (2) the prosecution committed multiple acts of misconduct at trial; (3) the trial judge favored the prosecution's case by interrupting defense counsel's closing arguments and issuing improper instructions to the jury; (4) the trial judge failed to recuse herself from the case, despite her bias against him; and (5) a child who testified against him was incompetent to testify. The postconviction court determined that Ashby's claims were barred under *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), and summarily denied his petition. Ashby now appeals the denial of the petition and, in addition, asserts for the first time that his claims are not barred under *Knaffla* because the exceptions to *Knaffla* apply to his claims. Ashby also asserts for the first time a claim of ineffective assistance of trial and appellate counsel.

■ Under Minn.Stat. § 590.01, subd. 1 (2006), an individual convicted of a crime may petition for postconviction relief on the ground that his conviction was obtained in violation of state or federal law. An evidentiary hearing must be held on a postconviction petition unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2006). "[A]n evidentiary hearing is unnecessary if the petitioner fails to allege facts that are sufficient to entitle him or her to the relief requested." *Leake v. State,* 737 N.W.2d 531, 535 (Minn. 2007). On appeal from the decision of a postconviction court, we review legal matters de novo, and review the postconviction court's factual findings to determine whether they are supported by sufficient evidence in the record. *Butala v. State,* 664 N.W.2d 333, 338 (Minn.2003).

■ If a direct appeal has been taken from a conviction, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. The *Knaffla* rule also bars all claims that should have been known at the time of direct appeal but were not raised in the

---

1. Further details concerning the shooting and Ashby's conviction are set forth in our opinion on direct appeal.

direct appeal. *See Black v. State,* 560 N.W.2d 83, 85 (Minn.1997). The *Knaffla* rule has two narrow exceptions. The first permits review of claims so novel as to make their legal bases unavailable at the time of direct appeal. *Case v. State,* 364 N.W.2d 797, 800 (Minn.1985). The second permits review when fairness so requires, unless the petitioner deliberately and inexcusably failed to raise the issue on appeal. *Fox v. State,* 474 N.W.2d 821, 825 (Minn. 1991). A postconviction court is not required to apply the *Knaffla* exceptions if they are not raised by the petitioner. *See Brown v. State,* 746 N.W.2d 640, 642 (Minn.2008) (citing *Erickson v. State,* 725 N.W.2d 532, 535 (Minn.2007)).

All of the claims raised in Ashby's petition are barred under *Knaffla.* Each of the claims involves conduct occurring either before or during trial. Thus, Ashby either knew or should have known of these claims at the time of his direct appeal but failed to raise them at that time. As a result, those claims are barred. *See Black,* 560 N.W.2d at 85.

Further, because Ashby failed to raise the *Knaffla* exceptions in his petition, the postconviction court did not err when it failed to apply either exception. *Brown,* 746 N.W.2d at 642; *Erickson,* 725 N.W.2d at 535. Moreover, our review of the record satisfies us that the claims are not so novel as to have been unavailable at the time of Ashby's direct appeal. Nor have we been able to identify anything in the record suggesting that fairness requires us to review these claims.

Finally, with respect to Ashby's claims of ineffective assistance of trial and appellate counsel, we conclude that those claims have been waived due to Ashby's failure to raise them before the postconviction court. *See State v. Sorenson,* 441 N.W.2d 455, 457 (Minn.1989) ("[W]e will not decide issues * * * raised for the first

time on appeal even if the issues involve constitutional questions regarding criminal procedure."). Therefore, we affirm in all respects the postconviction court's decision to deny Ashby's petition without a hearing.

Affirmed.