*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2133**

Maurice Level Ward, Sr.,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 25, 2014
Affirmed
Reyes, Judge**

Anoka County District Court
File No. 02CR101766

Maurice Level Ward, Sr., Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Marcy S. Crain, Assistant County Attorney, Anoka, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Willis, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**REYES**, Judge

Appellant Maurice Level Ward, Sr., challenges the district court's dismissal of his second petition for postconviction relief, as well as its return of documents filed after the dismissal and denial of his subsequent motions. We affirm.

**FACTS**

The following facts were recited by this court in Ward's appeal from the denial of his first postconviction petition:

> In June 2010, a jury found Ward guilty of two counts of promotion of prostitution and one count of receiving profit derived from prostitution. The district court imposed concurrent sentences within the ranges prescribed by the sentencing guidelines. Ward filed a direct appeal, and we affirmed the convictions. *State v. Ward*, No. A10–2063, 2011 WL 5829073 (Minn. App. Nov. 21, 2011), *review denied* (Minn. Jan. 17, 2012). The supreme court denied Ward's petition for review.
> Ward filed a petition for postconviction relief in district court in August 2012, appearing to argue that the promotion-of-prostitution statute violates equal protection and that his sentence is unlawful. The district court concluded that Ward was not entitled to an evidentiary hearing and dismissed his petition, finding that his postconviction arguments could have been made in his direct appeal and thus were barred by Minnesota[] Statute section 590.01, subdivision 1 (2012). Ward appealed.

*Ward v. State*, A12-1894, 2013 WL 2372177, at *1 (Minn. App. June 3, 2013), *review denied* (Minn. Aug. 6, 2013). This court affirmed the first postconviction court's decision, *id.* at *2-3, and the supreme court denied Ward's petition for further review. Thereafter, Ward filed a second petition for postconviction relief.

2

In his second postconviction petition, Ward again raised the issue of equal protection and seemed to argue that his due-process rights were violated by each state court's refusal to rule on his equal-protection argument. Additionally, he alleged that both his trial and appellate counsel were ineffective for failing to raise his equal-protection claim and that his appellate counsel was also ineffective for failing to raise an ineffective-assistance-of-trial-counsel claim. The district court summarily denied Ward's second petition without an evidentiary hearing.

Thereafter, Ward submitted several motions and documents to the court that related to his petition, as well as a motion to remove the judge for bias. The chief judge of the tenth judicial district wrote to Ward, explaining that he would not be taking any action on Ward's motion to remove because there were no issues pending before the court. Additionally, the district court returned various filings to Ward. This appeal followed. The day after Ward filed his appeal, the district court, seemingly unaware of the appeal,[1] filed another order providing additional detail as to its summary denial of Ward's petition and denying all of Ward's subsequent motions.

**D E C I S I O N**

## I.    Denial of second petition for postconviction relief

A postconviction court is required to hold an evidentiary hearing unless "the petition and the files and records of the proceeding conclusively show that the petitioner

---

[1] The notice of case filing indicates that Ward did not provide proof of service of his notice of appeal with the district court administrator as required by Minn. R. Crim. P. 28.02, subd. 4(1), and the notice of case filing issued by this court was received by the district court on the same day that it issued its additional order.

is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). A postconviction court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." Minn. Stat. § 590.04, subd. 3 (2012). When "direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). *Knaffla* also bars claims raised or known at the time of an earlier petition for postconviction relief from being considered on subsequent petitions. *Wayne v. State*, 601 N.W.2d 440, 441 (Minn. 1999). Claims are not barred under *Knaffla* if (1) the claims are so novel that their legal bases were unavailable at the time of direct appeal or (2) the claims are required to be addressed in the interest of fairness, unless the petitioner deliberately and inexcusably failed to raise them on appeal. *Ashby v. State*, 752 N.W.2d 76, 78-79 (Minn. 2008).

In summarily denying Ward's petition, the district court determined that Ward's equal-protection and related claims were barred because they could have been raised on direct appeal and had previously been decided by this court. The district court also stated that Ward's ineffective-assistance-of-counsel claims are barred by *Knaffla* because his trial-counsel claim should have been raised on direct appeal and his appellate-counsel claim should have been raised in his first petition for postconviction relief. A summary denial of a postconviction petition is reviewed for an abuse of discretion. *Nicks v. State*, 831 N.W.2d 493, 503 (Minn. 2013). Likewise, a denial of postconviction relief based on

4

the *Knaffla* procedural bar is reviewed for an abuse of discretion. *Quick v. State*, 692

N.W.2d 438, 439 (Minn. 2005).

### A.    Equal protection

In his second petition for postconviction relief and on appeal, Ward argues that the

promotion-of-prostitution statute under which he was convicted has a disparate impact

because African American men are more likely to be charged under this statute, while

Caucasian men are more likely to be charged under the statute prohibiting patronizing

prostitution, which has a lesser punishment.  Ward made this same argument in his first

petition for postconviction relief, and, on appeal from the denial of that petition, this

court stated,

> [b]ecause Ward could have raised this argument in his direct appeal, it is barred by *Knaffla* and neither of the *Knaffla* exceptions applies.  First, Ward's equal-protection claim does not present a novel legal issue. . . .  Second, postconviction relief is not necessary to satisfy the interests of fairness and justice because the claim lacks substantive merit.

*Ward*, 2013 WL 2372177, at *2 (citations omitted).  This court went on to state,

"[B]ecause Ward has not met his burden to show a racially disparate impact, his equal-

protection argument lacks merit and is barred by *Knaffla*." *Id.*  Though Ward submitted

additional documentation purportedly supporting his claim, this court's previous decision

on this issue bars reconsideration of Ward's equal-protection argument under Minn. Stat.

§ 590.04, subd. 3.

## B.     Due-process violation

Ward also seems to argue that the state courts' refusal to rule on his equal-protection argument is a due-process violation because it prevents him from obtaining federal habeas corpus review. Ward made this argument on appeal in his first petition for postconviction relief. *Ward*, 2013 WL 2372177, at \*3 n.2. This court determined that Ward had waived this issue by failing to raise it in district court. *Id.* This claim is now barred by *Knaffla* because it was known at the time of Ward's earlier petition for postconviction relief. While Ward argues that this issue "was not ripe" at the time of that petition, this claim is based on the argument that the courts must reevaluate his equal-protection claim in light of new evidence that he has submitted. We disagree.

Moreover, neither *Knaffla* exception applies. Ward had a legal basis to make this argument in his first postconviction petition but failed to do so. *Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985) ("we hold that only where a claim is so novel that it can be said that its legal basis was not reasonably available to counsel at the time the direct appeal was taken and decided will postconviction relief be allowed."). Additionally, Ward's due-process argument is premised on his equal-protection argument, which this court already considered, and the supreme court declined to review. Because this court will not reconsider issues already decided, Minn. R. App. P. 140.01, there is no relief available to Ward. Therefore, his due-process claim has no substantive merit. *See Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005) (stating that claims decided in the interests of fairness and justice must have substantive merit).

6

## C. Ineffective assistance of counsel

"When a claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, the claim must be brought on direct appeal or it is *Knaffla-*barred." *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013). Ward's assertion that his appellate counsel was ineffective for failing to raise an ineffective-assistance-of-trial-counsel claim is an acknowledgement that he knew of his trial-counsel claim at the time of his direct appeal. Despite his appellate counsel's refusal to raise this claim, Ward had a right to file a pro se supplemental brief asserting this issue. Minn. R. Crim. P. 28.02, subd. 5(17). Even if the district-court record was insufficient to bring his claim on direct appeal, the appropriate time to do so was in his first petition for postconviction relief. This claim is now barred by *Knaffla*.

Likewise, Ward's claim that his appellate counsel was ineffective stems from his direct appeal. Ward knew or should have known of the grounds for this claim when he first petitioned for postconviction relief and should have raised this claim at that time. This claim is now barred by *Knaffla*.[2]

Furthermore, neither *Knaffla* exception applies to Ward's claims of ineffective assistance of counsel. These claims do not present a novel legal issue, because any legal basis for these claims was available to Ward during earlier proceedings. Moreover, postconviction relief is not necessary for fairness and justice because there is no

---

[2] Ward claims that the state waived the argument that these claims are *Knaffla*-barred because it did not raise this as an affirmative defense. But it is the petitioner's burden to show that he is entitled to relief in a postconviction proceeding, *Anderson v. State*, 806 N.W.2d 856, 859 (Minn. App. 2011), *review denied* (Minn. Jan. 17, 2012), not the state's burden to prove to the contrary.

substantive merit to his claims. The decisions by his counsel not to raise the equal-protection claim were tactical decisions, which this court will not review when evaluating claims of ineffective assistance of counsel. *See State v. Doppler*, 590 N.W.2d 627, 633 (Minn. 1999) (stating that matters of trial strategy lie within the discretion of trial counsel and will not be second-guessed by appellate courts); *Case*, 364 N.W.2d at 800 (stating that "counsel has no duty to include claims which would detract from other more meritorious issues."). And appellate counsel need not raise all possible claims on appeal; a claim need not be raised if "appellate counsel could have legitimately concluded that [it] would not [prevail]." *Schneider v. State*, 725 N.W.2d 516, 523 (Minn. 2007).

Because Ward was not entitled to relief on any of the grounds raised in his second petition for postconviction relief, the district court did not abuse its discretion by denying his petition without an evidentiary hearing.

## II.     Return of documents and denial of motions

Ward alleges that the district court erred by returning and refusing to file documents he sent to the court. Such documents included an amended witness list, a motion for court-appointed experts, a memorandum of law in support of his motion for an evidentiary hearing, amended findings of fact, and various correspondences. Ward also moved for removal of the presiding judge and seems to argue that the district court erred by denying his motion to remove. The record shows that a number of documents were returned to Ward because he submitted them after the district court denied his second post-conviction petition. Likewise, the chief judge informed Ward that no action would be taken because there was nothing pending before the presiding judge, who had already

8

denied his second petition.  Because the district court had already dismissed Ward's

petition for postconviction relief,[3] and the documents he submitted thereafter were related

to his petition, there was no further relief available to him.  The district court did not err

by returning additional documents Ward submitted or by denying his subsequent

motions.

**Affirmed.**

---

[3] Ward seems to contend that the denial of his postconviction petition did not occur until November when the district court denied his subsequent motions.  But the record clearly shows that the district court summarily denied his petition in September 2013.