*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0186**

Aka Lawrence Fualefeh, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 19, 2015
Affirmed
Schellhas, Judge**

Anoka County District Court
File No. 02-CR-11-7278

Aka Lawrence Fualefeh, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony C. Palumbo, Anoka County Attorney, Jon C. Audette, Assistant County Attorney, Anoka, Minnesota (for respondent)

        Considered and decided by Reilly, Presiding Judge; Schellhas, Judge; and

Stoneburner, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

In this pro se postconviction appeal, appellant asks us to reverse his conviction of first-degree criminal sexual conduct and remand for a new trial. We affirm.

## FACTS

The facts underlying appellant Aka Lawrence Fualefeh's conviction of first-degree criminal sexual conduct are summarized in *State v. Fualefeh*, No. A13-0678, 2014 WL 2807533 (Minn. App. June 23, 2014), *review denied* (Minn. Sept. 16, 2014), and we will not restate them here. In his direct appeal, Fualefeh was represented by counsel and argued that the district court had committed plain error by admitting testimony as relationship evidence. *Id.* at *1. We rejected Fualefeh's argument and affirmed. *Id.* at *2.

In November 2014, Fualefeh petitioned pro se for postconviction relief. The district court summarily denied the petition after determining that Fualefeh's postconviction claims were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

This pro se appeal follows.

## DECISION

"[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741; *see also* Minn. Stat. § 590.01, subd. 1 (2014) (providing that "[a] petition for postconviction relief after a

2

direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence").

> [The supreme court] ha[s] recognized two exceptions to the *Knaffla* bar: a claim should be considered if it is (1) an issue so novel that its legal basis was not reasonably available at the time of the direct appeal, or (2) in the interest of justice—when fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal.

*Carridine v. State*, 867 N.W.2d 488, 493 (Minn. 2015) (quotation omitted). We review for an abuse of discretion a district court's determination that a postconviction claim is barred by the *Knaffla* rule. *See, e.g.*, *Hooper v. State*, 838 N.W.2d 775, 789 (Minn. 2013) (concluding that district court did not abuse its discretion by deciding that petitioner's postconviction claim was barred by *Knaffla* rule), *cert. denied*, 134 S. Ct. 2147 (2014).

In this case, Fualefeh raised three claims in his petition for postconviction relief, apparently arguing that (1) his due-process rights were violated because the arresting officer prejudged Fualefeh's guilt, falsely reported a crime, and otherwise committed investigatory misconduct; (2) Fualefeh's due-process rights were violated by the timing of his arrest and by the state's charging decisions; and (3) the evidence was insufficient to convict due to inconsistencies in the alleged victim's testimonial statements. Fualefeh based each of these claims on the trial record and did not allege the existence of facts outside the record. The claims therefore could have been raised on Fualefeh's direct appeal. *See Carridine*, 867 N.W.2d at 493 (stating that "[petitioner's] claims of prosecutorial misconduct and ineffective assistance of trial counsel could have been raised on direct appeal because the claims are based on the trial record"). "All of the

claims on which the postconviction court denied relief therefore [we]re barred under Minn. Stat. § 590.01, subd. 1 or *Knaffla*." *See id.*

In this appeal, Fualefeh argues for the first time that his postconviction claims are not procedurally barred, invoking the interest-of-justice exception to the *Knaffla* rule. No supreme court caselaw settles the question "whether th[e] two [*Knaffla*] exceptions also apply in the context of the procedural bar in section 590.01, subdivision 1." *Id.* Regardless of whether the *Knaffla* exceptions apply to the statutory bar, a petitioner may not invoke the exceptions for the first time on appeal from the denial of postconviction relief. *See Ashby v. State*, 752 N.W.2d 76, 79 (Minn. 2008) (stating that "because [petitioner] failed to raise the *Knaffla* exceptions in his petition, the postconviction court did not err when it failed to apply either exception"); *Washington v. State*, 845 N.W.2d 205, 216 (Minn. App. 2014) (stating that "[petitioner] seeks to invoke an exception to the *Knaffla* rule, but he may not do so for the first time on appeal because he did not assert the exception in his motion papers in the district court"). Accordingly, the district court did not abuse its discretion by summarily denying Fualefeh's postconviction claims as procedurally barred.

Fualefeh also argues for the first time on this appeal that he received ineffective assistance of counsel in his direct appeal. "The *Knaffla* rule . . . does not generally bar claims of ineffective assistance of appellate counsel in a first postconviction petition." *Jackson v. State*, 817 N.W.2d 717, 722 n.4 (Minn. 2012). But a claim of ineffective assistance of appellate counsel may not be raised for the first time on appeal from the denial of postconviction relief. *See Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005)

4

(concluding that petitioner forfeited his ineffective-assistance-of-appellate-counsel claim for purposes of postconviction appeal where petitioner failed to raise claim in postconviction petition and district court made no findings on issue). By failing to claim ineffective assistance of appellate counsel in his postconviction petition, Fualefeh forfeited any such claim for purposes of this appeal of the denial of the petition.

Fualefeh also appears to argue that he received ineffective assistance of trial counsel; his due-process and confrontation rights were violated by the delayed disclosure of police interview reports and by perjured testimony; the state violated the Jencks Act, 18 U.S.C. § 3500 (2014), and committed prosecutorial misconduct in its handling of the reports; the district court abused its discretion and "breached its constitutional duty" by not providing sufficient "curative measures" with regard to the reports; the state committed prosecutorial misconduct by suborning perjury; and testimony by the alleged victim's father contained internal inconsistencies. Because Fualefeh did not raise these claims prior to this postconviction appeal, the claims are forfeited. *See id*. Moreover, each of the new claims could have been raised on Fualefeh's direct appeal; the claims therefore are *Knaffla*-barred. *See Carridine*, 867 N.W.2d at 493.

**Affirmed.**