*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1223**

Daniel Leith Renville, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 13, 2016
Affirmed
Johnson, Judge**

Redwood County District Court
File No. 64-CR-12-852

Daniel Leith Renville, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Steven Shawn Collins, Redwood County Attorney, Redwood Falls, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Worke, Judge; and Schellhas, Judge.

## UNPUBLISHED OPINION

**JOHNSON**, Judge

Daniel Leith Renville appeals from the denial of his petition for postconviction relief. We affirm.

**FACTS**

In 2012, the state charged Renville with one count of first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(e)(i) (2012), and one count of second-degree criminal sexual conduct, in violation of Minn. Stat. § 609.343, subd. 1(e)(i) (2012). In 2013, a Redwood County jury found Renville guilty of first-degree criminal sexual conduct. The district court imposed a sentence of 201 months of imprisonment. This court affirmed on direct appeal. *State v. Renville*, No. A13-1265, 2014 WL 3799058 (Minn. App. Aug. 4, 2014), *review denied* (Minn. Oct. 14, 2014).

In March 2015, Renville, acting *pro se*, petitioned for postconviction relief, asserting seven claims. In April 2015, he amended the petition to allege additional claims. In May 2015, the postconviction court denied relief without conducting an evidentiary hearing. Renville appeals.

**D E C I S I O N**

In his *pro se* appellate brief, Renville argues that the district court erred by denying his postconviction petition with respect to three of his claims.

A district court may deny a petition for postconviction relief without an evidentiary hearing if the "petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014); *see also Gustafson v. State*, 754 N.W.2d 343, 348 (Minn. 2008). As a general rule, this court applies an abuse-of-discretion standard of review to a postconviction court's denial of relief. *Wayne v. State*, 860 N.W.2d 702, 704 (Minn. 2015). Such a ruling "'will not be reversed unless the postconviction court exercised its discretion in an arbitrary or capricious manner,

based its ruling on an erroneous view of the law, or made clearly erroneous factual findings.'" *Id.* (quoting *Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010)).

## A.

Renville first argues that he received ineffective assistance of appellate counsel in his direct appeal. Specifically, he argues that his appellate counsel was ineffective in not ordering pre-trial transcripts and not arguing that Renville's trial counsel was ineffective for not communicating a plea offer to him. Renville did not include these specific allegations in his postconviction petition, either as originally pleaded or as amended. Consequently, the postconviction court did not have an opportunity to consider the allegations. "It is well settled that a party may not raise issues for the first time on appeal from denial of postconviction relief." *Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (quotation omitted); *see also Ashby v. State*, 752 N.W.2d 76, 79 (Minn. 2008). Thus, we will not consider in the first instance Renville's argument that his appellate counsel provided him with ineffective assistance in his direct appeal.

## B.

Renville next argues that the postconviction court erred by denying his claim that the district court erroneously admitted a police officer's testimony that Renville denied having any sexual contact with the victim, which was contrary to Renville's trial testimony that he engaged in consensual sexual conduct. Renville argues that the admission of the officer's testimony was a violation of his *Miranda* rights. The postconviction court denied relief on this claim on the ground that it is procedurally barred because Renville did not assert the argument on direct appeal.

If a "'direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" *Quick v. State*, 757 N.W.2d 278, 280 (Minn. 2008) (quoting *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)). In this case, Renville could have made a *Miranda* argument on direct appeal but did not do so. Accordingly, the postconviction court correctly determined that the claim is procedurally barred. Renville does not challenge the postconviction court's reasoning that his claim is *Knaffla*-barred and does not seek to invoke an exception to the *Knaffla* bar. *See id.* (noting two exceptions to *Knaffla* bar). Thus, the postconviction court did not err by denying this claim on *Knaffla* grounds.

## C.

Renville last argues that the postconviction court erred by denying his claim that the district court erroneously excluded evidence that he and the victim used marijuana on the day in question, which Renville asserts would have tended to prove that the victim falsely accused him of sexual assault. The postconviction court denied relief on this claim on the ground that it is procedurally barred because Renville previously made the argument on direct appeal. Renville contends, however, that the postconviction court erred in that reasoning because the claim is different from the argument he made on direct appeal.

As stated above, if a "'direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" *Id.* (quoting *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741). Renville argued on direct appeal that "the district court erred by excluding evidence that Renville and the alleged victim used marijuana on the day of their sexual encounter because

4

that evidence was relevant [and] was necessary to explain evidence that did go to the jury." More specifically, Renville argued on direct appeal that such evidence would tend "to illuminate the relationship between" Renville and the victim, that the evidence would "support [Renville's] contention that a consensual sex act followed the consensual, mutual use of marijuana," and that Renville "wanted to testify that the marijuana use led directly to a consensual sexual encounter." This court rejected the argument. *Renville*, 2014 WL 3799058, at *1. Renville now argues that the district court erred by excluding evidence that he and the victim used marijuana on the ground that the evidence would have "explain[ed] a relationship with the alleged victim." More specifically, Renville argues that the evidence would have allowed him to explain that the victim engaged in consensual sexual acts with him as a means of persuading him to sell her marijuana or methamphetamine. This claim is substantially the same as the argument that Renville presented to this court, with the assistance of counsel, on direct appeal. Accordingly, the postconviction court correctly determined that the claim is procedurally barred because it previously was raised and rejected.

Renville also contends that, despite the general rule of *Knaffla*, the procedural bar does not apply to this claim because of two exceptions. The first exception to the *Knaffla* bar may be triggered if a postconviction petitioner asserts a novel legal argument that was unavailable at the time of a direct appeal. *Case v. State*, 364 N.W.2d 797, 800 (Minn. 1985). The second exception may be triggered if "fairness requires," but not if the petitioner deliberately and inexcusably failed to make the argument on direct appeal. *Fox v. State*, 474 N.W.2d 821, 825 (Minn. 1991). Both of these exceptions apply to arguments

5

that were *not* made on direct appeal. Neither exception applies to an argument that *was* made on direct appeal and was rejected by an appellate court, which is true of Renville's third postconviction claim. Thus, neither exception to the *Knaffla* bar applies to this claim.

In sum, the postconviction court did not err by denying Renville's postconviction petition.

**Affirmed.**